IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
)
ROBERT EUGENE POLES,             )
                                 )
              Plaintiff,            )
                                 )
              v.                    )    No. 20-100C
                                 )
THE UNITED STATES,               )    Filed: September 24, 2021
                                 )
             Defendant.            )
_____)

## ORDER

Following the court's June 29, 2020 Order (ECF No. 24) remanding Plaintiff Robert Poles' case to the Army Board for Correction of Military Records, an informal Physical Evaluation Board ("PEB") recommended his separation designator be changed to permanent disability retirement, assigning Plaintiff a disability rating of 70 percent. Def.'s Status Report at 2, ECF No. 37. Plaintiff concurred with the PEB's recommendation. *Id*. In keeping with this new designation, his Separation Program Designator was changed to "Retirement, Disability, Permanent," and his disability was made retroactive to May 6, 1977. *Id*. The Government has advised that the Defense Finance and Accounting Service will provide Plaintiff permanent retirement pay and other allowances once he activates a retired pay account, and that the U.S. Army Physical Disability Agency has provided Plaintiff with activation instructions. *Id*.

Believing this relief satisfies Plaintiff's claims, the Government sought his consent to voluntarily dismiss the case as moot. *Id*. Plaintiff denied that consent, expressing his intent to pursue a negligence claim against the Army. Def.'s Mot. to Dismiss at 2–3, ECF No. 39. Accordingly, the Government moved to dismiss Plaintiff's case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on grounds that his claims are moot and

that any negligence claim would be beyond the Court's jurisdiction. *See id.* at 4–5. Plaintiff failed to file a response to the Government's Motion by the July 26, 2021 deadline. On August 16, 2021, the Court ordered him to file a response by no later than September 3, 2021 or face possible dismissal of his case. *See* Order, ECF No. 40. As of this date, Plaintiff has not complied with the Court's August 16 Order.

RCFC 41(b) allows the Court to dismiss a plaintiff's case *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." That Plaintiff is acting *pro se* in this matter does not change this fact. *See Duncan v. United States*, 432 F. App'x 963, 965–66 (Fed. Cir. 2011) (affirming dismissal of a *pro se* plaintiff's case where the court's order "was clear and unambiguous in stating that it could dismiss [the plaintiff's] case" if she did not comply with the order); *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . .").

Here, Plaintiff failed to comply with the Court's rules requiring a response to the Government's Motion be filed within 28 days after service of the motion. *See* RCFC 7.2(b)(1). Because of his *pro se* status, the Court *sua sponte* provided additional time for Plaintiff to comply. ECF No. 40. The Order further warned that noncompliance might result in dismissal. *Id.* Neither the Order's instructions, nor its stated consequence for noncompliance, were ambiguous. *See Duncan*, 432 F. App'x at 966. Despite having 60 additional days to file his response, Plaintiff still has not done so.

Consequently, the Court **DISMISSES** Plaintiff's case without prejudice under RCFC 41(b) for failure to prosecute. The Government's Motion to Dismiss is therefore **DENIED** as **MOOT**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.


Dated: September 24, 2021                       */s/ Kathryn C. Davis*
                                                KATHRYN C. DAVIS
                                                Judge